UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 17-CR-00016 |
|---|---|
| – against – | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)** |
| NESTOR CHUA, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| For United States | Brendan G. King<br>Assistant United States Attorney<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201-1820<br>718-254-6006 |
| For Defendant | Stuart J. Grossman (Appointed)<br>108-18 Queens Boulevard<br>Forest Hills, NY 11375<br>516-674-8057 |

**Table of Contents**

I. Introduction ................................................................................................................. 1
II. Offense ...................................................................................................................... 1
III. Guilty Plea; Plea Agreement ..................................................................................... 2
IV. Videotaping .............................................................................................................. 2
V. Offense Level, Category, and Sentencing Guidelines Range .................................... 3
VI. Law ........................................................................................................................... 4
VII. 18 U.S.C. § 3553(a) Considerations .......................................................................... 4
VIII. Sentence .................................................................................................................... 5
IX. Conclusion ................................................................................................................ 6

### I. Introduction

Nestor Chua ("Chua", "Defendant", or "Mr. Chua") pled guilty to a violation of 31 U.S.C. §§ 5324(a)(1) and 5324(d)(2) for causing a domestic financial institution to evade the reporting requirements of 31 U.S.C. § 5313(a).

### II. Offense

Chua was a teller at Chase Bank Flushing Branch. Presentence Investigation Report ¶ 8 ("PSR"). To ensure compliance with the law, Chase Bank requires tellers to record client information for large currency transactions in its computer system. PSR ¶ 5. A Currency Transaction Report ("CTR") for each United States currency exchange in excess of $10,000 must be filed. *See id*.

To circumvent the reporting requirement, from August 2013 to September 2015, Defendant exchanged small denominations of currency for larger denominations some thirty times. PSR ¶ 8. On each occasion, the currency being exchanged exceeded $10,000. *Id*. He engaged in these transactions at the request of a coworker, Jang Y. Kim ("Kim"). *Id*. Kim withheld the information necessary for Chua to accurately record the transaction; proper recordation would have led to the automatic generation or manual filing of a CTR. *Id*.

In total, Chua exchanged $720,000 for Kim. *Id.* Defendant was unaware of the illegal source of the money—drugs—and he was not compensated for these exchanges. Sent'g Mem. 2, ECF No. 19, Oct. 8, 2018.

### III. Guilty Plea; Plea Agreement

On January 20, 2017, Chua pled guilty to causing a financial institution to fail to file reports required by 31 U.S.C. § 5313(a), in violation of 31 U.S.C. §§ 5324(a)(1) and 5324(d)(2). PSR ¶ 1.

As part of the plea agreement, he agreed not to challenge the conviction or sentence by a collateral attack, except for claiming ineffective assistance of counsel:

> *The defendant agrees not to* file an appeal or otherwise *challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision*, *the conviction or sentence* in the event that the Court imposes a term of imprisonment at or below 51 months. This waiver is binding without regard to the sentencing analysis used by the Court. *Nothing in the foregoing waiver of* appellate and *collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum*.

Plea Agreement ¶ 3 (Jan. 20, 2017) (emphasis added).

Defendant's waiver of the right to make a collateral attack on his conviction or sentence is deemed modified to state its constitutional limits. For the reasoning underlying this decision, see Memorandum & Order Requiring Modification of Waiver of Rights in Plea Agreement (Nov. 20, 2018).

### IV. Videotaping

The proceeding was videotaped to develop a record of courtroom atmosphere. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and . . . myriad other

2

relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence."). Chua was calm and respectful during the sentencing. His family was not present. Hr'g Tr. 4:6–7, Oct. 24, 2018 (under seal). Although his mother has attended court with him in the past, she was unable to do so at the sentencing hearing because of her bad health. *Id.* 4:8–17.

V.     **Offense Level, Category, and Sentencing Guidelines Range**

The base offense level for this offense is 20; six for the general offense plus 14 because the value of the funds exchanged was more than $550,000 but less than $1,500,000. PSR ¶ 15. Two levels were added because the offense comprised a pattern of unlawful activity involving more than $100,000 in a 12-month period. PSR ¶ 16. Two levels were added for Abuse of Position of Trust or Use of a Special Skill because Chua abused his position of trust as a teller at Chase Bank. Hr'g Tr. 7:17–12:11. The offense level was reduced by three points for acceptance of responsibility and timely notification of a guilty plea. PSR ¶¶ 22–23. The total adjusted offense level is 21. Hr'g Tr. 12:6–11.

The parties disagreed on the applicability of the Abuse of Position of Trust or Use of a Special Skill sentencing enhancement. Defendant argued that two levels added for this enhancement are unwarranted. *Id.* 7:17–8:17, 12:6–14. This view is not supported by the record. Chua was able to commit the crime because of his detailed knowledge of how the financial reporting system worked, and his position of trust that enabled him to avoid reporting. *See* U.S.S.G. § 3B1.3 (such an enhancement is appropriate when a defendant's position of trust "significantly facilitated the commission or concealment of the offense"); *United States v. Castagnet*, 936 F.2d 57, 62 (2d Cir. 1991) ("if one party is able to take criminal advantage of the

3

relationship without fear of ready or quick notice by the second party, the second party has clearly placed a level of trust in the first" (internal quotation marks and citation omitted)).

Chua has no prior criminal convictions. PSR ¶ 26. His criminal history category is I. PSR ¶ 27.

The imprisonment range under the United States Sentencing Guidelines (the "Guidelines") is 37–46 months. Hr'g Tr. 12:6–11.

## VI. Law

The Guidelines are not binding. District courts may treat them as advisory. *United States v. Booker*, 543 U.S. 220 (2005). A district court must, nonetheless, correctly calculate the applicable Guidelines range. "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Guidelines serve as a lodestar for determining the sentence from which the district court may depart. They are deemed by the Supreme Court to "consider all of the [section] 3553(a) factors." *Id.*

## VII. 18 U.S.C. § 3553(a) Considerations

A sentence must "consider all of the § 3553(a) factors . . . [and] make an individualized assessment based on the facts presented." *Id.* at 49–50; *see also* 18 U.S.C. § 3553(a)(1) (factors include the "nature and circumstances of the offense and the history and characteristics of the defendant").

Chua is a 28-year-old United States citizen. PSR at 2. His childhood was "unremarkable." PSR ¶ 34. He was raised in an intact, middle-income family. *Id.* He has the support of his parents and two older siblings; the five of them reside together. PSR ¶¶ 32–34.

In 2016, Chua was in a car collision in which he broke an arm, giving him occasional pain. PSR ¶ 38. He was awarded $199,000 in damages in litigation relating to the collision. *Id.*

4

After graduating from high school, Defendant attended Baruch College and LaGuardia Community College, but left both institutions before obtaining a degree. PSR ¶¶ 43–44. From 2010 to 2015, Chua worked as a teller at Chase Bank; he was fired because of the instant offense. PSR ¶ 47. Since 2016, Chua has been studying nursing at Long Island University and expects to earn a degree in nursing in 2019. PSR ¶ 42. He has a negative monthly cash flow, but is supported by his parents and savings. PSR ¶¶ 46, 51. He has approximately $88,000 in the bank, left from the recovery for his accident. Hr'g Tr. 14:24–15:3. Based on his financial profile, Chua appears able to pay a fine. PSR ¶ 2.

Chua has no history of any mental, emotional, or gambling problems. PSR ¶ 39. He reports no dependency on drugs or alcohol. PSR ¶ 40.

## VIII. Sentence

In imposing a sentence, a court must consider the nature of the crime and the character of the defendant. Defendant was neither compensated for the exchanges nor aware of the illegal source of the money. Chua confessed immediately after being approached by law enforcement. He has also made progress towards a degree in nursing since his termination from Chase Bank. Incarceration would inhibit that progress. He has a low risk of recidivism. Rehabilitation is most likely to be achieved by a term of probation, through which the Probation Department can monitor Chua's progress.

Chua is sentenced to three years of probation. A fine of $10,000 and a $100 special assessment are imposed.

Probation is subject to the mandatory conditions listed in U.S.S.G. § 5B1.3(a) and standard conditions in U.S.S.G. § 5B1.3(c). An additional condition has been imposed: Chua is prohibited from communicating or interacting with his co-conspirators in the instant case. *See* U.S.S.G. § 5B1.3(b).

## IX. Conclusion

The Sentencing Guidelines have been considered to ensure a sentence that is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: November 20, 2018
Brooklyn, New York