UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>NESTOR CHUA,<br><br>       Defendant. | 17-CR-00016<br><br>**Memorandum & Order Requiring Modification of Waiver of Rights in Plea Agreement** |

**JACK B. WEINSTEIN, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| For United States | Brendan G. King<br>Assistant United States Attorney<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201-1820<br>718-254-6006 |
| For Defendant | Stuart J. Grossman (Appointed)<br>108-18 Queens Boulevard<br>Forest Hills, NY 11375<br>516-674-8057 |

**Table of Contents**

I.    Introduction ........................................................................................................................ 1
II.   Factual Background ......................................................................................................... 1
III.  Right To Collaterally Attack An Unconstitutional Sentence............................................ 2
   A.  Importance of Right To Collateral Attack .................................................................. 2
   B.  Prevalence of Plea Bargaining.................................................................................... 4
   C.  Plea Agreements and Waiver of Collateral Attack Rights.......................................... 4
IV.  Conclusion ....................................................................................................................... 8

## I. Introduction

This memorandum concerns an important constitutional issue: whether a defendant may, in effect, be forced by the government to waive, as part of a plea agreement, his or her constitutional right to collaterally attack a conviction or sentence. Collateral attacks for constitutional right violations—the equivalent of a writ of habeas corpus—hold a vital place in United States constitutional jurisprudence. *Engle v. Isaac*, 456 U.S. 107, 126 (1982). The continued availability of the writ of habeas corpus and similar remedies are "bulwark[s] against convictions that violate fundamental fairness." *Id.* (internal quotation marks and citation omitted).

A waiver of collateral attack rights is restricted. Some claims may not be waived.

In the instant case, the government effectively compelled a waiver of nearly all of Defendant's collateral attack rights. Such a general waiver is impermissible under the Constitution. The waiver is deemed modified to state its limits. If the government seeks a waiver of collateral attack rights in a plea agreement, it must specifically enumerate exceptions required by law so that a defendant has notice of what rights he or she is waiving.

## II. Factual Background

Chua was a teller at Chase Bank Flushing Branch. To avoid federal currency reporting requirements, he exchanged small denominations of currency for larger denominations on

approximately 30 occasions. He made these exchanges at the request of a coworker, who withheld the information necessary for Chua to properly record the transaction. In total, Chua exchanged $720,000 on the co-worker's behalf.

On January 20, 2017, Chua pled guilty to causing a financial institution to fail to file reports required by 31 U.S.C. § 5313(a) in violation of 31 U.S.C. §§ 5324(a)(1) and 5324(d)(2). He was sentenced to three years of probation. For a full discussion of the facts and reasons justifying this sentence, see Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) (Nov. 20, 2018).

As part of the plea agreement, he agreed not to challenge the conviction or sentence by a collateral attack, except for claiming ineffective assistance of counsel:

> *The defendant agrees not to* file an appeal or otherwise *challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision*, *the conviction or sentence* in the event that the Court imposes a term of imprisonment at or below 51 months. This waiver is binding without regard to the sentencing analysis used by the Court. *Nothing in the foregoing waiver of* appellate and *collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum*.

Plea Agreement ¶ 3 (Jan. 20, 2017) (emphasis added). Section 2255 provides procedures for challenging a federal sentence on constitutional grounds—the equivalent of a collateral attack through habeas corpus.

### III. Right To Collaterally Attack An Unconstitutional Sentence

#### A. Importance of Right To Collateral Attack

The writ of habeas corpus has been firmly fixed in United States jurisprudence since the founding. "So important is the writ of habeas corpus in our jurisprudence that its protection was imbedded in Article I of the Constitution of the United States by 'We the People,' before the Bill of Rights was adopted." *In re Habeas Corpus Cases*, 298 F. Supp. 2d 303, 305 (E.D.N.Y. 2003);

*see* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus *shall not be suspended*, unless when in Cases of Rebellion or Invasion the public Safety may require it." (emphasis added)). The Great Writ is a "powerful tool for the protection of individuals' constitutional and statutory rights against overreaching of government and its agents." *In re Habeas Corpus Cases*, 298 F. Supp. 2d at 305. It is available when imprisonment is contrary to federal constitutional or statutory law and "tests only whether a prisoner has been accorded due process, not whether he [or she] is guilty." *Id.*

The substantive right to a writ of habeas corpus has been limited procedurally by the Supreme Court and Congress. In particular, the Antiterrorism and Effective Death Penalty Act of 1996 limited the availability of a collateral attack. *See generally* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996); 28 U.S.C. § 2255.

In order to collaterally attack a federal conviction or sentence, a prisoner must move under section 2255 of title 28 of the United States Code and attendant procedural rules. *See, e.g., id.* § 2255(f) ("[a] 1-year period of limitation shall apply"); *id.* § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). An application for a writ of habeas corpus is available only if, with strict limitations, "it . . . appears that the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of . . . detention." *Id.* § 2255(e).

Because the constitutional Great Writ has been seriously constricted by statute and case law, it is imperative that its effectiveness not be reduced further by improper waivers required by the government in plea agreements.

### B.  Prevalence of Plea Bargaining

Plea-bargaining "*is* the criminal justice system." *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (emphasis in original; internal quotation marks and citation omitted).  More than 95% of federal convictions are the result of guilty pleas.  *Id.* at 143.  "[P]rosecutors are free to warn suspects of additional and more serious charges, and to offer steep sentencing discounts only to those who will 'play ball.'"  Susan R. Klein, Aleza S. Remis, Donna Lee Elm, *Waiving the Criminal Justice System:  An Empirical and Constitutional Analysis*, 52 Am. Crim. L. Rev. 73, 74–75 (2015).

For those living in poverty, a plea agreement may be the only way in which to ensure social and economic stability following indictment.  *See* Dylan Walsh, *Why U.S. Criminal Courts Are So Dependent on Plea Bargaining*, The Atlantic (May 2, 2017), https://www.theatlantic.com/politics/archive/2017/05/plea-bargaining-courts-prosecutors/524112/ (describing motivation for guilty plea when defendant would remain in jail for six months prior to trial and he was the primary breadwinner for his four children).

Plea agreements typically contain boilerplate terms which are not negotiated.  Klein et al., *supra*, at 75.  Because of the prevalence of plea agreements and the absence of arm's-length negotiation of the terms by parties of equal power, courts must review such agreements closely to ensure that defendants' rights are not crushed by government's power.

### C.  Plea Agreements and Waiver of Collateral Attack Rights

A study published in 2015 found that 67.5% of plea agreements contained a waiver of the right to a collateral attack.  *Id.* at 87.

4

There is a presumption against the waiver of fundamental rights, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), but knowing and voluntary waivers are typically permissible. "In general, a defendant's knowing and voluntary waiver of [the] right to appeal a sentence within an agreed guideline range is enforceable." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997); *see also United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam), *cert. denied*, 509 U.S. 931 (1993). Similarly, a defendant's knowing and voluntary limited waiver of the right to collaterally attack a conviction or sentence is generally permissible. *See, e.g.*, *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) ("We find no error in the District Court's determination that Garcia-Santos's plea agreement was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack."); *Cross v. Perez*, 823 F. Supp. 2d 142, 149 (E.D.N.Y. 2011) ("It is well established that a federal defendant may waive both his right to direct appeal and his [section] 2255 rights.").

But where, as here, there is a near blanket waiver of the right to collateral review without enumeration of all recognized exceptions, a waiver is not allowed. Any general waiver of collateral attack rights must specify what rights have not been waived; the waiver of collateral attack rights in a plea agreement must account for the exceptions, otherwise a defendant will be under the misimpression that he or she retains only those rights explicitly excluded from the waiver. Set out below are those rights which may not be waived.

*First*, a waiver cannot bar challenges to the process leading to the plea that render the plea involuntary and unknowing. *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195–96 (2d Cir. 2002). A defendant must have "real notice of the true nature of the charge" for a waiver to be effective. *Id.* at 197 (internal quotation marks and citation omitted).

The waiver of the right to a collateral attack in the instant case did not specifically state that claims of this nature are not subject to waiver.

Two circuit courts have suggested that failure to comply with *Brady v. Maryland* and disclose exculpatory evidence renders a plea involuntary, so that the failure could form the basis of a petition under section 2255 regardless of a waiver. *See McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) ("it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors or other relevant government actors have knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters into a guilty plea"); *United States v. Ohiri*, 133 F. App'x 555, 562 (10th Cir. 2005) (concluding the district court abused its discretion when it denied a prisoner amendment of his [section] 2255 motion to allege that the government withheld exculpatory evidence prior to him entering into a plea agreement); *see generally* Michael Nasser Petegorsky, *Plea Bargaining in the Dark: The Duty to Disclose Exculpatory Brady Evidence During Plea Bargaining*, 81 Fordham L. Rev. 3599, 3614–32 (2013) (describing the circuit split regarding disclosure of exculpatory evidence prior to a guilty plea following the Supreme Court's decision in *United States v. Ruiz*, 536 U.S. 622 (2002)).

The Court of Appeals for the Second Circuit has not reached a conclusion on this issue. *See Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010) (concluding that the court "need not . . . address th[e] issue," while suggesting that Supreme Court precedent could support the conclusion that exculpatory evidence need not be disclosed prior to a guilty plea).

Given the high rate at which defendants plead guilty in federal criminal cases and the forced circumstances under which they do so, it seems an anathema that a defendant could waive the right to challenge a conviction on the basis of a plea when the government withheld

6

exculpatory evidence. The right to collaterally attack a conviction or sentence when exculpatory evidence has been withheld is not waived. This right is retained as part of the "voluntary and knowing" exception.

*Second*, a waiver cannot bar challenges to the process leading to the plea on the basis that the defendant was provided ineffective assistance of counsel. *Frederick*, 308 F.3d at 195–96. The waiver in the instant case appropriately excepted such claims from the waiver.

*Third*, a waiver cannot bar challenges to a proceeding instituted or sentence imposed on the basis of a constitutionally impermissible factor. *See Menna v. New York*, 423 U.S. 61, 62 (1975) (finding that defendant's guilty plea did not foreclose him from raising a constitutional claim in a federal habeas corpus proceeding on the ground of a violation of the double jeopardy clause); *Blackledge v. Perry*, 417 U.S. 21, 30–31 (1974) (finding that the defendant's guilty plea did not foreclose him from raising a constitutional claim in a federal habeas corpus proceeding on the grounds of prosecutorial vindictiveness); *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994) (holding that the defendant's waiver of his right to appeal his sentence in his plea agreement does not "waive[] the right to appeal from an arguably unconstitutional use of naturalized status as the basis for a sentence"); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence . . . based on a constitutionally impermissible factor such as race.").

The waiver in the instant case did not specifically state that claims of this nature are not subject to waiver. Any general waiver of collateral attack rights must do so.

*Fourth*, a waiver cannot bar challenges when foreclosure of the collateral attack right would result in a miscarriage of justice. The purpose of collateral review is to act as a "bulwark against convictions that violate fundamental fairness." *Engle*, 456 U.S. at 126 (internal quotation

marks and citation omitted). Preventing a miscarriage of justice ensures that fundamental fairness is not violated.

Though the Court of Appeals for the Second Circuit has taken no position on this issue, other circuit courts have adopted it in well-reasoned opinions. *See United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008) (approving enforcement of waivers of collateral attack rights so long as "their enforcement does not work a miscarriage of justice"); *United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012) ("We have held that a miscarriage of justice through enforcement of a waiver occurs only in one of four situations: [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." (internal quotation marks and citation omitted)).

The waiver in the instant case did not specifically state that claims of this nature are not subject to waiver. Any general waiver of collateral attack rights must do so.

### IV. Conclusion

The waiver of a right to a collateral attack in Mr. Chua's plea agreement with the government excepted only this one circumstance from the waiver of collateral attack rights—ineffective assistance of counsel. As drafted by the government, it would appear to a defendant that the waiver had only one exception. This is insufficient. A waiver of collateral attack rights must specifically indicate what the exceptions to the waiver are. The text is deemed amended as follows (added text in italics):

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment at or below 51 months. This waiver is binding without regard to the sentencing analysis used by the Court.

Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel; *a claim that the plea was not voluntary and knowing, including because relevant evidence was withheld by the government; a claim that the proceeding was instituted or the sentence imposed on the basis of a constitutionally impermissible factor; or a claim that foreclosure of collateral review would result in a miscarriage of justice.*

As the law develops, any new exceptions should be added to the waiver so that a defendant has notice of what collateral attack rights he or she has waived.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: November 20, 2018
Brooklyn, New York